### J. Scott *v.* The State.

1. Evidence. — The best evidence must be adduced which the nature of the case admits of. Inferior proof is not admissible until it is shown that the best is unattainable.

2. Resisting Arrest. — The warrant of arrest is the best evidence of its own legality, and, therefore, in a prosecution for resisting arrest it should be produced; secondary evidence of it is not competent until its non-production is accounted for.

Appeal from the County Court of Robertson. Tried below before the Hon. J. J. Kendrick, County Judge.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

Ector, P. J. Jourdan Scott was tried and convicted in the County Court of Robertson County, on an information filed by the county attorney, in which the defendant is charged with unlawfully resisting the execution of a legal warrant against him in a criminal case, when attempted to be executed in a legal manner by W. Brown, a person legally authorized to execute the same.

On the trial of the cause, W. Brown, being upon the stand as a witness for the state, was asked by the county

attorney the following question, to wit: "Did you have in your hands a legal warrant of arrest for the defendant?" The question was objected to "on the grounds that, if the state desired to prove that the said warrant of arrest was a legal warrant of arrest, the warrant itself was the best evidence of that fact, and that the state could not by this witness establish the proof of its legality; and that the opinion of the witness as to its legality was not admissible."

The court overruled defendant's objection; to which ruling the defendant excepted, and the point was saved by bill of exceptions in the court below, and was also made a ground in the defendant's motion for new trial; and it is assigned as error.

We believe that the court should have sustained the defendant's objection. The warrant of arrest said to have been resisted by the prisoner was the best evidence, and should have been offered in evidence on the trial, or its non-production accounted for. Other and inferior proof cannot be resorted to until it be shown that the best evidence cannot be produced. *Porter* v. *The State*, 1 Texas Ct. App. 394. The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*